Good morning. May it please the court, Jonathan Libby appearing on behalf of Appellate Macrina Tedtaotao, and I intend to reserve two minutes for rebuttal. Okay. Your Honors, the government has conceded that resensing is required here because there was not sufficiently reliable evidence to permit the obstruction of justice enhancement. So my plan this morning is to focus on the government's breach of the plea agreements, and if there's any time remaining, address the organizer enhancement. So first, the government breached the plea agreements by recommending a mid-range guideline sentence despite having promised in the plea agreement to recommend a sentence at the low end of the applicable guideline range. So what am I to make of the government's argument that the midpoint is sort of like half a month away from what they recommended, and so they're at the low end just because they're below the midpoint? Is that a ludicrous argument of which they should be ashamed? I don't necessarily want to use the word ludicrous, but it certainly borders on ludicrous, Your Honor. There are certainly cases that have addressed similar situations and said, look, when you're dealing with the low end, low end means low end. It means the bottom of the If the promise had been, we'll recommend a sentence in the low end, would this case be different? Certainly, the government, I think, might have an argument. I think it's the losing argument for their side. Well, is the meaning of that fleshed out at all during the sentencing hearing? Well, yes and no. There was not an argument that a breach occurred. The court itself was confused at the government's recommendation, and actually at one point even questioned whether or not it was a typo in the government's papers. There's a fulsome discussion between the judge and the government. There's relatively little in terms of the defense objecting, isn't there? That's correct, Your Honor. There is not. There's some mention. The defense lawyer says something like it's not what the government promised or something like that. That's correct. That excerpt is page 87. I'd ask the court to sentence the defendant within the – I'm sorry. I'm looking at the wrong point there. What the – we've seen it. We know it's there. The question is what is – what's our standard of review? So, breach of the plea agreement was not argued. That was not – Well, it wasn't – and that's what I'm asking. There is – it wasn't argued in the sense that there's a fulsome discussion of it, but defense counsel did say, in addition, Your Honor, the government could have recommended something at the other end. With our understanding, that low end means 87 marks. So given that – what defense counsel said, I know you were looking for it. Do we review for plain error or is our review – our normal review of sentencing? I think an argument certainly can be made that plain error should not apply, that what the defendant did there was perhaps enough to preserve the issue. I would also suggest the fact that, assuming the court accepts the government's concession, this is already going to be going back for resentencing. So it's not clear that necessarily this court needs to even apply plain error review to an additional issue, since it's going to go back anyway. Presumably the government will maintain its position, and then we're just going to come right back up here again, having already made the objection at the resentencing. So – No, but this same issue is going to come up again, isn't it? That's correct. In other words, you know, the government can say, well, a half a month below the midpoint is the low end, so we'll stand by that. That's correct. And then at that resentencing hearing, if they take that position, the defense will object. I know that, but my – so my question is, shouldn't we review it now? No, I think – well, I think the court should review it now, because I think it's very clear there was a breach here. And if it goes back, just so as to not waste the court's time – Let me go back one step. Is this the kind of error that has to be preserved in the sense that you have to make an objection to the sentence or something like that? For a breach argument, yes. An objection would have to be made that there was a breach of the plea agreement. And you didn't make that objection? Not formally. The words breach of the plea agreement did not come from defense counsel's mouth. Well, you didn't say anything like, well, you know, the sentence is not – it doesn't conform to the plea agreement or something like that. You didn't say anything like that. You said nothing after the sentence was pronounced, did you, in addressing this issue? After the sentence was pronounced, that's correct, Your Honor. What defense counsel did say is – and it's actually on page 144 – the government didn't indicate in amended sentence at the low end, and we are asking for the – the low end would be 87 months, or within that, or close to it. Well, let me ask an even more basic question. Does it make a difference whether we review for plain error or, you know, under the regular standard? Well, I don't, because I think we very clearly meet plain error, even if the court were to that was clear or obvious. It prejudiced the defendant, the court – It was clear or obvious? That's correct, Your Honor. Do you think the fact that, you know, we're arguing about whether it's – about what, you know, the low end means is not clear and obvious? Well, I think that would be the government's position, but, Your Honor, all due respect, anyone who practices federal criminal law understands what low end means. But there are cases that go the other way, maybe not from our circuit, but there are cases that go the other way, right? Not that I'm aware of, and the government certainly hasn't pointed to any, no. There aren't any cases in our circuit directly addressing this point, are there? We've often referred in other contexts to a sentence at the low end, meaning near the bottom, but we've never confronted this exact question. That is correct. This circuit has never confronted this identical issue, perhaps because in this means and understand what high end means. But this has actually been, I think, the Fourth Circuit and elsewhere has had this very issue and has held that a promise to – Recommend the low end? Recommend if the low end means near the bottom. Absolutely, that it means at the bottom. In fact, if the plea agreements have said a lower end sentence, courts have said lower end means at the bottom. So we have case after case after case, which very clearly on point would say this was plain error. And multiple circuits, we've cited all the cases. And again, the government has not pointed to a single case that supports its position. So again, I wouldn't call it ludicrous, but it's pretty crazy, Your Honor. And certainly it would upset sentencing and plea agreements throughout the country, certainly within this circuit. My office is in Los Angeles. This is a very standard term in the plea agreements. And if all of a sudden the government can come off and say, well, no, we don't actually have to recommend the lowest sentence, then that's a real problem. I would also note that in the record, at sentencing itself, the government actually then went a little bit beyond and said, asked the court to sentence within the guideline range, kind of abandoned even a lower half of the range arguments. And that was on page, I believe, 87 of the record. So why don't you save some time? So I'll reserve the balance of my time, Your Honor. Thank you. May it please the Court. Garth Backey on behalf of the United States. Good morning, Your Honors. I've been doing this long enough to know that Mr. Libby is correct, that the majority of federal criminal practitioners understand, or at least reflexively understand, low end means the lowest end in practice. I do understand that and I acknowledge that. But this, I would disagree with the characterization of our position as crazy, given plain error review in the record of this case. How can it possibly be that a sentence right in the middle, a half a month below the dead center middle, how can that possibly be consistent with the English language, let alone the practice of criminal defense and practice of prosecution of lawyers? How can that possibly be understood to be at the low end? Your Honor, I'm talking not low or below the middle. The word is end and that's what you put in the plea agreement, low end. Yes, Your Honor. I'd rather be him than myself. He's got the better argument. I agree. Well, let me ask you the practical question that your colleague raised, which I think is a good one. We're going to vacate this sentence and remand because everybody agrees that one of the enhancements is inappropriate. The district judge will resentence. At resentencing, if the government maintains this position, which I suspect it won't given your recognition that it's not the normal reading of these words, an objection will be made and we'll be back here dealing with it. So even assuming that plain error review would apply on this record, which I'm not so clear about given what defense counsel said at sentencing, why shouldn't we address this issue? Otherwise, you're just going to either it will go away when you go back down because you won't do it or it'll come back to us again. So why not address it at this time? The government, I mean, I've received authority to say that we're not going to maintain this position that we've taken on appeal below. We will argue for the lowest sentence and that's because there's been an objection lodged or there will be an objection lodged. Okay, so that's very useful. If that is your position, we're really not fighting about an issue that matters, are we? Correct, Your Honor. It would just be if you did find there was a breach, it'd be specific performance to a different district court judge. Well, it does matter, you know, in this respect, right? Under, I think it's Santabella. Some Supreme Court case mandates that if there's a breach of the plea agreement, it has to be reassigned to another judge, right? Under Santabella, yes, Your Honor. So there is that consequence. Yes, Your Honor. That's what I'm saying. I think that's really all we're arguing about is whether this goes back to the same judge. I mean, I think the court could resolve this on the most narrowest grounds and just send it back and see what happens and the government has represented that it's going to argue for the lowest when it goes back. But if it resolves, if we do get into the breach issue, it really is just to determine whether it's going to go back to another judge. And I just would like to point out, just so I can have one good argument while I'm up here, is that the defense counsel disavowed the exact argument. It's a little bit more. So plain error really does have to apply here because the defense, the judge picked up on it, pointed at the defense attorney, who was not the president's attorney, nor was I the prosecutor below, and said, do you agree that 87, the low end, doesn't have to be the lowest end? And the defense attorney said, yes, I agree with that. And that's the exact argument. Can you point me to that language? Excerpts of Record 144 to 145. Okay. So the court says, thank you, Mr. Perez. Let me just clarify. So we agree that the low end point of 87, correct. All right. I understood. Well, that still doesn't mean that the midpoint, or half a month below the midpoint, is low end. Agreed, Your Honor. He did not concede the correctness of the government's position. Agreed. But I think that that advocates, that ends it, whether plain error applies or not. I think plain error clearly applies in light of that record. Why is that? Because I mean, there's almost no error to be made. I mean, it's almost a waiver, and the government did not argue that. Almost a waiver. I don't get it. He says 87, that's at the low end. He does not say midpoint, or half a month below, is low end. He didn't concede at all that the government was right. No, Your Honor. I don't think he conceded the government was right. I'm just saying that that's the, he, the argument that they're making now was rejected by the former attorney below. Which I would, I just think that would kick in plain error. You're saying the argument he's making now, which argument are you referring to? Counsel now is saying low means lowest, means 87 months. That's what the government was required to do. And the defense attorney below was asked that specifically and said no. He agrees that the government is not obligated to ask for 87 months. No, Your Honor. In fact, not only before that question, when the defense attorney even makes the argument, defense attorney says the low end would be 87, or within that, or close to it. I mean, that's clearly what he said. But that, but he's clearly objecting to the government was asking for. You know, moreover, you see, I don't think preservation of error should depend on exactly how many months, you know, the defense conceded was near the endpoint of the low end. Or, you know, how close you have to get to the midpoint to be away from the low end. I mean, you know, maybe opinions vary on that. But the question is, did he preserve the objection that sentencing somewhere other than the low end would be a breach of the plea agreement? And I think, I think he preserved that, didn't he? The word breach was never uttered at any point in time. And I think that, in any difference without significance. Well, this is pretty, pretty, what he's saying is pretty, again, this is Mr. Perez. The government did indicate in the plea agreement, which we relied upon and negotiated, that it would be 87 or close to it, it would be the low end. That's not what you're about to give me. Now, he didn't say breach, but 2 plus 2 is 4. You don't have to say 4, just say 2 plus 2. Understood, Your Honor. The government believes that that would, that's sufficient for it to be subject to plenary review. But I think as we all see, it really doesn't matter. That's all I have, Your Honor. As a practical matter, how difficult is it if we go to a different judge? It could be, because I, I don't, I'm not, Judge Gatewood is the usual district court judge in Guam. And Judge Manglonia from the Northern Mariana Islands was serving on this case. And that's almost invariably because of a conflict. So that would, if we got rid of Judge Manglonia, then . . . Wait a minute, why is there a conflict? Your Honor, I'm assuming there's a conflict. Because Judge Gatewood, who is the district, one district court judge of Guam, did not sit on this case. And so Judge Manglonia is brought in from the Northern Mariana Islands in cases of conflict. And so she, her presence here leads me to believe, and I'm sorry I'm unable to answer this question. You don't know why, you don't know why she was brought in. But I think it's highly likely that that means a judge from the mainland or perhaps Hawaii would have to come out. Unless the panel has any questions, I have nothing further. Thank you. I want to say, I want to commend the government for the candor in one, your briefing, conceding that one point, and then two, in the manner in which you argued this point. Thank you. Thank you, Your Honor. In fact, I should add, my remarks were somewhat facetious and a little harsh, and I did not intend that to apply personally to you. Yes, Your Honor. Understood. Thank you. Your Honor, briefly, obviously we are requesting that this be remanded to a different judge. You can't unring the bell. The current district judge heard the government's arguments, both Could we do that without finding a breach? Could we just simply say, given what's occurred in the government's concession that unremanded is going to not take this position we think the interests of justice require? Absolutely. This court has done this many times. They have multiple situations where the court has sua sponsa remanded to a different judge for appearance of justice being appropriate. So yes, this court can certainly do this regardless of whether it strictly applies the requirements under Santabello and Whitney and the other cases. While I certainly recognize it is difficult for judges to get to Guam, I have handled other Guam cases in which a judge from the Central District of California has in fact handled the case and had to fly back and forth. But yes, it is done so judges can be easily substituted, unless the court has additional questions. Okay. Thank you. Thank you both. Thank you, Your Honors. Very nice arguments. United States v. Tentautau. Submitted for decision.
judges: Tashima, W. Fletcher, Hurwitz